UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD W. ILLES, SR., M.D.       :
    Plaintiff                                        :
                                                        :
    vs.                                              : CIVIL NO. 1:12-CV-0395
                                                        :
DR. BARRY BEAVEN et al.,              :
    Defendants                                   :

*M E M O R A N D U M*

*I.*      *Introduction*

This matter involves the medical treatment Plaintiff, Richard Illes, Sr., M.D., received while temporarily housed at the State Correctional Institution at Camp Hill ("SCI Camp Hill"). Presently before the court are Plaintiff's motions to compel discovery and for reconsideration.

*II.*     *Background*

On January 9, 2012, Plaintiff filed the instant action in the Court of Common Pleas of Cumberland County, alleging medical malpractice, breach of confidentiality, and violation of the Eighth Amendment. Defendants removed the action on March 1, 2012. On April 30, 2012, Plaintiff filed a motion to compel discovery and sought an order deeming all unanswered requests for admissions as admitted. On the


same day, Defendants McGinnis, Newfield, and Underwood filed a motion for an extension of time to respond to Plaintiff's discovery requests. On May 1, 2012, we granted Defendants' motion, allowing them until May 21, 2012 to respond. On May 9, 2012, Plaintiff filed a motion for reconsideration of our May 1, 2012 Order, asking the court to deem the unanswered requests as admitted.

*III.*     *Discussion*

> *A. Plaintiff's Motion to Compel Discovery and Deem Unanswered Requests for Admissions Admitted*

We granted Defendants' motion for an extension of time to respond to Plaintiff's discovery requests *nunc pro tunc*, making his request to compel discovery and deem unanswered requests for admissions admitted moot.

Plaintiff argues that the requests for admissions were automatically deemed admitted after thirty days pursuant to Federal Rule of Civil Procedure 36(a). Rule 36(a)(3) provides "A shorter or longer time for responding may be . . . ordered by the court." Our May 1, 2012 Order allowed Defendants to respond by May 21, 2012. Thus, Plaintiff's argument that Defendants did not respond within the prescribed period fails.[1]

---

[1] Even assuming, *arguendo*, that Defendants' admissions were admitted pursuant to Rule 36(a), the court may permit admissions to be withdrawn or amended "if it would promote the presentation *of the merits of the action* and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action *on the merits*." FED. R. CIV. P. 36(b) (emphasis added).

Allowing Defendants to withdraw and amend their admissions promotes the presentation of the merits of the action. While Plaintiff may now be required to prove

*B. Plaintiff's Motion for Reconsideration*

The Third Circuit has clearly held that motions for reconsideration should be used "to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs., Inc. v. Dentsply, Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). A party seeking reconsideration should show (1) a change in the controlling law, (2) new evidence, or (3) a clear error of law or fact, or manifest injustice. See id.

Plaintiff argues that our Order extending the date for Defendants to respond to requests for admissions was a violation of Local Rule 7.7. He asserts that this Rule entitles him the right to file a Reply Brief. To the extent Plaintiff wanted to file a brief opposing the motion for an extension of time, he would be required to file a Brief in Opposition, which is governed by Local Rule 7.6. This rule allows an opposition brief to be filed within fourteen days of receipt of the movant's brief. It goes on, however, to provide "Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition." Given the unambiguous language of the rule, Plaintiff's argument that our May 1, 2012 Order violated the local rules fails. Plaintiff has failed to set forth an adequate basis for granting reconsideration, and his motion will be denied.

---

his claims against Defendants, no discovery deadlines have been set and the case is in the early stages. Allowing Defendants a brief amount of additional time to respond to Plaintiff's discovery requests does not prejudice Plaintiff in maintaining the action *on the merits*.

3

*IV.*	*Conclusion*

For the foregoing reasons, we will deny Plaintiff's motions to compel discovery and for reconsideration. We will issue an appropriate order.

<div style="text-align: right">

/s/William W. Caldwell
William W. Caldwell
United States District Judge

</div>

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD W. ILLES, SR., M.D.<br>Plaintiff<br><br>vs.<br><br>DR. BARRY BEAVEN et al.,<br>Defendants | :<br>:<br>:<br>:  CIVIL NO. 1:12-CV-0395<br>:<br>:<br>:<br>:<br>: |

*O R D E R*

AND NOW, this 19th day of June, 2012, upon consideration of Plaintiff's motions to compel discovery and for reconsideration, Defendants' responses thereto, and pursuant to the accompanying memorandum, it is ordered that:

1. Plaintiff's motion to compel discovery (doc. 30) is DENIED as moot.

2. Plaintiff's motion for reconsideration (doc. 40) is DENIED.

                                             /s/William W. Caldwell
                                             William W. Caldwell
                                             United States District Judge