UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD W. ILLES, SR., M.D. : | |
| Plaintiff : | |
| : | |
| vs. : | CIVIL NO. 1:12-CV-0395 |
| : | |
| DR. BARRY BEAVEN et al., : | |
| Defendants : | |

*M E M O R A N D U M*

*I.*     *Introduction*

This matter involves the medical treatment Plaintiff, Richard Illes, Sr., M.D., received while temporarily housed at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"). Presently before the court are motions to dismiss and for summary judgment filed by Defendant, Dr. Christian Kcomt, and Plaintiff.

*II.*    *Background*

In a motion to dismiss under Fed. R. Civ. P. 12(b)(6), we must take all factual allegations in the complaint as true. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). Plaintiff sets out the following facts in his complaint. Plaintiff, an inmate at the State Correctional Institution at Albion ("SCI-Albion"), was temporarily housed at SCI-

Camp Hill from August 5, 2010 through August 31, 2010. (Doc. 1-2, ¶¶ 1, 7). Plaintiff had a history of severe degenerative joint disease and had been diagnosed with chronic pain syndrome, neuropathic pain, and chronic radiculopathy. (Id. at ¶ 8). The doctors at SCI-Albion treated these conditions with Celebrex, an anti-inflammatory agent, and Ultram, a pain medication. (Id. at ¶ 8). Plaintiff alleges he also suffered from lower back pain caused by a ruptured disc, peptic ulcer disease, gastritis, and gastro-esophageal reflux disease. (Id. at ¶¶ 11, 14). Plaintiff was diagnosed with depression prior to his transfer to SCI-Camp Hill, which was being treated with Lexapro, an anti-depressant. (Id. at ¶ 9).

On August 6, 2010, Plaintiff was seen by Defendant Sheila McGinnis, a physician's assistant on staff at SCI-Camp Hill. (Id. at ¶¶ 6, 17). McGinnis discontinued the Ultram and Celebrex and did not order any substitute pain medication. (Id. at ¶¶ 17, 20). Plaintiff asserts that McGinnis did not perform any physical examination, review his medical records, or consult any of Plaintiff's regular treating physicians at SCI-Albion. (Id. at ¶ 19). Dr. Underwood supervised McGinnis and co-signed her orders to discontinue the Ultram and Celebrex without performing any exams or reviewing Plaintiff's medical records. (Id. at ¶ 22). As a result of the discontinuation of the pain medications, Plaintiff had increased pain in his back, leg, and shoulders, was unable to sleep, and suffered a recurrence of his gastritis and peptic ulcer disease. (Id. at ¶¶ 23, 26, 27, 28).

Though Plaintiff does not give an exact date, at some point during his stay at SCI-Camp Hill, Defendant Kcomt discontinued Plaintiff's anti-depressant medication, Lexapro. Prior to the discontinuation, Dr. Kcomt did not examine or interview Plaintiff or review Plaintiff's psychiatric records. (Id. at ¶¶ 46-48). Later, Plaintiff informed Dr. Kcomt of his history of severe refractory depression and a suicide attempt. (Id. at ¶ 49). As a result of the discontinuation of Lexapro, Plaintiff suffered increased depression, anxiety, headaches, lethargy, insomnia, and increased degenerative joint disease and neuropathic pain. (Id. at ¶¶ 46-48).

Plaintiff also alleges that during his stay at SCI-Camp Hill, Dr. Kcomt violated his duty of confidentiality by requiring Plaintiff to discuss at his cell door his history of depression, his suicide attempt, and his need for anti-depressant medication. (Id. at ¶ 49).

On January 9, 2010, Plaintiff filed the instant action in the Court of Common Pleas of Cumberland County, alleging medical malpractice, breach of confidentiality, and violation of the Eighth Amendment. Defendants removed the action on March 1, 2012. On March 8, 2012, Defendant Kcomt filed a motion to dismiss and for summary judgment. On May 7, 2012, Plaintiff filed a motion for summary judgment for his claims against Dr. Underwood.

*III.      Discussion*

*A. Standard of Review*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" Id., 127 S.Ct. at 1965 (quoted case omitted).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, 578 F.3d at 210. First, we separate the factual elements from the legal

4

elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

We will examine the motions for summary judgment under the well-established standard. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d. Cir. 2008) ("Summary judgment is only appropriate if there are no genuine issues of material fact."). We "must view all evidence and draw all inferences in the light most favorable to the non-moving party" and we will only grant the motion "if no reasonable juror could find for the non-movant." Id. "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party.'" Roth v. Norfalco, 651 F.3d 367, 373 (3d Cir. 2011) (citing Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011).

*B. Medical Malpractice Claim Against Defendant Kcomt*

Defendant Kcomt argues that he is entitled to summary judgment on Plaintiff's medical malpractice claim. To establish a medical malpractice claim in Pennsylvania, a plaintiff must present an expert witness who will testify "to a reasonable degree of medical certainty, that the acts of the physician deviated from accepted medical standards, and that such deviation was the proximate cause of the harm suffered." Hakeem v. Salaam, 260 Fed. App'x 432, 434 (3d Cir. 2008) (nonprecedential) (citing Mitzelfelt v. Kamrin, 526 Pa. 54, 584 A.2d 888, 891 (Pa. 1990)). An expert

witness is not required "when the matter is so simple or the lack of care so obvious as to be within the range of experience and comprehension of non-professional persons." Id. (citing Hightower-Warren v. Silk, 548 Pa. 459, 698 A.2d 52, 54 n. 1 (Pa. 1997)).

Pennsylvania Rule of Civil Procedure 1042.3 requires a medical malpractice complainant to file a certificate of merit within sixty days of filing the complaint. See PA. R. CIV. P. 1042.3; Liggon-Redding v. Sugarman, 659 F.3d 258, 259 (3d Cir. 2011). The certificate requires the plaintiff to attest to one of the following:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

PA. R. CIV. P. 1042.3. The Third Circuit has found that the certificate of merit requirement is a substantive rule that must be applied in federal courts exercising diversity jurisdiction. See Liggon-Redding, 659 F.3d at 264-65. Here, Plaintiff filed a certificate of merit, indicating that expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against Defendant Kcomt. Kcomt now moves for summary judgment, asserting that Plaintiff cannot prove his medical malpractice claim without expert testimony.

Plaintiff argues that he will not need to present expert testimony regarding standard of care and causation. He contends that the standard of care is within the comprehension and common knowledge of a lay jury. Plaintiff asserts he will be able to present a treatise, the Physician's Desk Reference, to prove causation. He argues that this treatise, along with his testimony, will be sufficient to prove his claim. Finally, Plaintiff argues that if the court determines an expert is necessary, that limiting the access to the courts by indigents who cannot afford experts violates the Pennsylvania and U.S. constitutions.

We agree with Defendant Kcomt that the standard of care for a psychiatrist discontinuing medication for a patient with severe depression, and the causal connection between the discontinuation and any harm suffered by Plaintiff, are not within the range of experience and comprehension of non-professional persons. See McCool v. Dep't. of Corr. of Pa., 984 A.2d 565, 571 (Pa. Commw. Ct. 2009) (finding malpractice cases that do not require expert testimony generally involve "gross incompetence"); Grossman v. Barke, 2005 Pa Super 45, 868 A.2d 561, 566 (Pa. Super. 2005). In order to survive a motion for summary judgment, Plaintiff must present expert testimony regarding the proper standard of care and causation. See Hakeem v. Salaam, 260 Fed. App'x 432, 434 (3d Cir. 2008) (nonprecedential). Pursuant to Pennsylvania Rule of Civil Procedure 1042.3, Plaintiff's certification that he does not need expert testimony precludes him from presenting such testimony. See McCool, 984 A.2d at 571 (precluding pro se plaintiff from presenting expert testimony after he filed a Rule 1042.3(a)(3) certificate).

Plaintiff's contention that he can rely on the Physician's Desk Reference and his own testimony instead of presenting an expert witness lacks merit. Pennsylvania law makes clear that a plaintiff alleging medical malpractice must present *expert testimony* regarding the standard of care and causation. See Mitzelfelt v. Kamrin, 526 Pa. 54, 584 A.2d 888, 891 (Pa. 1990). Having already found Plaintiff's claim does not fall within the narrow exception of this requirement, Plaintiff's medical malpractice claim against Defendant Kcomt fails without such testimony.

Plaintiff's final argument is that limiting the access to the courts by indigents who cannot afford experts violates the Pennsylvania and U.S. constitutions. Here, Plaintiff's access to court was not limited by his inability to pay an expert. Plaintiff certified that he would not need to present expert testimony to prove his claim and, pursuant to state and federal law, he is being held to that certification. See PA. R. CIV. P. 1042.3; Liggon-Redding v. Sugarman, 659 F.3d 258, 259 (3d Cir. 2011).

For these reasons, Defendant Kcomt's motion for summary judgment on Plaintiff's medical malpractice claim will be granted.

*C. Breach of Confidentiality Claim against Defendant Kcomt*

Plaintiff's complaint alleges that "Defendants Kcomt . . . deliberately violated federal and state statutes regarding confidentiality of medical and psychiatric information and privacy and violated ethical codes of their professions by doing so." (Doc. 1-2, ¶ 71). Plaintiff does not refer to specific statutes, and he asserts that this claim is one of "professional liability." (Id. at ¶ 73). In support of this claim, Plaintiff asserts that

Defendant Kcomt would only discuss his medical issues through the cell door, and his cell mate and inmates in adjoining cells were able to hear the conversation. When Plaintiff requested privacy to discuss his issues, he was told by Kcomt that he must discuss them at the cell door or he would not receive medical care.

### 1. Motion for Summary Judgment

Defendant Kcomt moves for summary judgment or, in the alternative, dismissal of this claim. In support of his motion for summary judgment, Kcomt argues that Plaintiff's professional liability claim fails because he will not be able to present expert testimony regarding the standard of care and causation as a result of filing a Rule 1042.3 certification. See PA. R. CIV. P. 1042.3; Liggon-Redding v. Sugarman, 659 F.3d 258, 259 (3d Cir. 2011). Plaintiff responds that his claim falls within the narrow exception to the requirement for expert testimony, because a breach of confidentiality is within the range of experience and comprehension of non-professional persons. See Hightower-Warren v. Silk, 548 Pa. 459, 698 A.2d 52, 54 n. 1 (Pa. 1997). In the light most favorable to the Plaintiff, we find that this may be the type of claim that would be within the comprehension of the jury, meeting the exception to the expert testimony requirement. We will deny Defendant Kcomt's motion for summary judgment on this basis.

### 2. Motion to Dismiss

Defendant also moves to dismiss this claim, arguing that Plaintiff's complaint contains only conclusory allegations and fails to identify any federal or state statutes. Plaintiff responds that Defendant's behavior violates the Mental Health Procedures Act

("MHPA"), 50 P.S. § 7111.  This statute provides that "All documents concerning persons in treatment shall be kept confidential and, without the person's written consent, may not be released or their contents disclosed to anyone." 50 P.S. § 7111.  This Pennsylvania statute is not applicable to the present case, because it only establishes rights for persons being involuntarily treated for a mental illness or persons being voluntarily treated for a mental illness as an inpatient.  See 50 P.S. § 7103.  While the act provides procedures for the involuntary treatment of prisoners, there are no allegations in the complaint that would suggest Plaintiff was being treated pursuant to the act.  See 50 P.S. § 7401.  We also find no allegations that would suggest Plaintiff was voluntarily being treated as an inpatient, because he was housed at SCI-Camp Hill as a result of his incarceration, not as a requirement for treatment.  See Herman v. County of York, 482 F. Supp. 2d 554, 567 (M.D. Pa. 2007) (Jones, J.) (interpreting MHPA as applied to prisoners).  Additionally, this statute is inapplicable because Plaintiff does not allege that Defendant Kcomt disclosed any confidential information.

Plaintiff cites federal statute 42 U.S.C. § 1320d-6(3), which criminalizes "A person who knowingly . . . discloses individually identifiable health information to another person."  Plaintiff does not allege that Defendant disclosed any information, making the statute inapplicable to the present case.

Plaintiff's claim can be construed as a state law tort claim for breach of confidentiality.  The Pennsylvania Superior Court has found "in some cases a civil claim for a physician's breach of confidentiality is cognizable."  Haddad v. Gopal, 2001 Pa

10

Super 317, 787 A.2d 975, 980 (Pa. Super. 2001); see also Grimminger v. Maitra, 2005 Pa Super 374, 887 A.2d 276, 279 (Pa. Super. 2005) ("Pennsylvania recognizes a civil cause of action for breach of the physician-patient privilege where confidential disclosures occurred that were unrelated to any judicial proceedings.") (citation omitted). One Pennsylvania court found "a patient may recover damages for injuries sustained from his or her psychiatrist's unauthorized disclosure of confidential information regarding the patient." Ulizzi v. Trellis, 20 Pa. D. & C. 4th 300, 303 (Pa. Ct. Comm. Pl. 1993); see also Lujan v. Mansmann, 956 F. Supp. 1218 (E.D. Pa. 1997) (recognizing claim for breach of confidentiality against psychiatrist-defendant). This type of claim does not require expert testimony. See Ulizzi, 20 Pa. D. & C. 4th at 306 ("Recovery for breach of the confidential relationship simply shortcuts a professional negligence claim by eliminating the requirement on the part of the patient to present expert testimony showing that the psychiatrist's conduct deviated from the accepted standard of care.").

However, Plaintiff does not cite, nor have we found, any Pennsylvania precedent for a state law claim for breach of confidentiality arising under a similar factual scenario.[1] Plaintiff's claim is distinguishable due to his failure to allege that Defendant Kcomt made any disclosures. Instead, Plaintiff asserts that he was forced to discuss

---

[1] We note a case from the U.S. District Court for the Western District of Pennsylvania that involves a prisoner's right to confidentiality. See 2010 U.S. Dist. LEXIS 61056. There, the court found that the plaintiff had established a claim for breach of confidentiality when his psychiatrist came to his cell door and *revealed* confidential information. Id. Here, Plaintiff's complaint does not allege that Defendant Kcomt disclosed confidential information. (Doc. 1-2, ¶¶ 64, 68).

confidential information in an area where he could be overheard or forego medical treatment. Because Plaintiff does not allege that Defendant Kcomt made any disclosures, he has failed to state an actionable breach of confidentiality claim under state law.[2]

### D. Eighth Amendment Claim Against Defendant Kcomt

Defendant Kcomt argues that Plaintiff's Eighth Amendment claim should be dismissed for failure to state a claim. In this claim, Plaintiff alleges that Kcomt "deliberately interfered with treatments prescribed by physicians most familiar with [his] medical and psychiatric conditions." (Doc. 1-2, ¶ 76). In support of his claim, Plaintiff alleges that Defendant Kcomt discontinued Plaintiff's anti-depressant medication, Lexapro, without examining or interviewing Plaintiff. Plaintiff also asserts that he made multiple requests for Lexapro and told Kcomt about his history of severe refractory depression and suicide attempt, but Kcomt refused to order it.

### 1. Whether Plaintiff Exhausted His Administrative Remedies

Prior to reaching the merits of Plaintiff's Eighth Amendment claim, we turn to whether he has exhausted his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all available administrative remedies prior to bringing an action pursuant to 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a). Plaintiff alleges that he "exhausted his administrative remedies regarding this issue as required by

---

[2] Plaintiff also cites Doe v. Delie, 257 F.3d 309 (3d Cir. 2001), where the Third Circuit found that a "constitutional right to privacy in one's medical information exists in prison." Id. Because Plaintiff's complaint does not allege a constitutional violation of privacy, we will not consider the merits of such a claim in this case.

the Prisoner Litigation Reduction Act."[3] (Doc. 1-2, ¶ 80). Defendant Kcomt argues that this assertion is not enough to withstand a motion to dismiss. In his response, Plaintiff provides copies of Grievance 331065 and the Final Appeal Decision. Defendant argues that this grievance does not include the conduct complained of in Plaintiff's Eighth Amendment claim. In this grievance, Plaintiff asserts that he was previously prescribed Lexapro and other medications, but was not able to receive them at SCI-Camp Hill because of policy. His grievance contends that failing to provide the medication "is deliberate indifference to my medical problems." (Doc. 13, Exh. F). In an effort to receive the medication, Plaintiff's complaint explains that he spoke with "a medical nurse and a nurse and psychiatrist." (Id.) Additionally, Plaintiff made sick calls and wrote to the medical director.

The burden is on Defendant to prove that Plaintiff failed to exhaust his remedies. See Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2005). Plaintiff's grievance makes clear references to the alleged "deliberate indifference" of the medical staff and his meeting with a psychiatrist. We find that Defendant has not met his burden to prove that Plaintiff failed to exhaust his remedies.

*2. The Merits of the Eighth Amendment Claim*

To bring an Eighth Amendment claim, a plaintiff must show that prison officials were deliberately indifferent to a serious medical need.   White v. Napoleon, 897

---

[3] We construe Plaintiff's reference to the "Prisoner Litigation Reduction Act" to mean the Prison Litigation Reform Act.

F.2d 103, 108-109 (3d Cir. 1990). Because Defendant Kcomt does not dispute that depression is a serious medical condition, we move onto whether Kcomt was deliberately indifferent.

The Third Circuit has found deliberate indifference "where a prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). "Deliberate indifference, however, requires more than mere malpractice or disagreement with a particular course of treatment." Merrit v. Fogel, 349 Fed. App'x 742, 746 (3d Cir. 2009).

Plaintiff alleges that Kcomt "deliberately interfered with treatments prescribed by physicians most familiar with [his] medical and psychiatric conditions." Plaintiff's psychiatrist at SCI-Albion prescribed Lexapro, an anti-depressant. Upon being temporarily transferred to SCI-Camp Hill, Plaintiff alleges that Kcomt discontinued his Lexapro without examining or interviewing Plaintiff or reviewing his medical records. At some point during his stay at SCI-Camp Hill, Kcomt met with Plaintiff. Plaintiff explained his history of a suicide attempt, severe refractory depression, and multiple adverse effects of all other anti-depressant medications, but Kcomt still refused to prescribed Lexapro. Plaintiff received medical care from Kcomt, but takes issue with Defendant's failure to prescribe a specific medication. He makes bald assertions that such a failure was in wanton disregard for his health and well-being. The allegations in Plaintiff's complaint fail

to rise to the level of a constitutional violation. Plaintiff must allege more than mere negligence or disagreement with a particular course of treatment. See Merrit v. Fogel, 349 Fed. App'x 742, 746 (3d Cir. 2009). Thus, we will dismiss Plaintiff's Eighth Amendment claim.

### E. Plaintiff's Request for an Injunction

Defendant Kcomt argues that Plaintiff's request for a preliminary injunction should be dismissed. To obtain a preliminary injunction, Plaintiff must demonstrate a reasonable likelihood of success on the merits and that he will be irreparably harmed if the injunction is not granted. See Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998) ("Federal Rule of Civil Procedure 65 permits a court to grant a preliminary injunction if the moving party demonstrates a likelihood of success in the litigation, and that he will suffer great or irreparable injury absent an injunction."). Having disposed of all of Plaintiff's claims against Defendant Kcomt, we find that Plaintiff has not demonstrated a reasonable likelihood of success on the merits. Plaintiff's request for a preliminary injunction will be dismissed.

### D. Plaintiff's Motion for Summary Judgment

Plaintiff requests summary judgment on his medical malpractice and Eighth Amendment claims against Dr. Underwood. His motion and briefs are based upon the assumption that his request for admissions were admitted by Underwood. For the reasons set forth in our June 19, 2012 Order, the admissions were not admitted. Without

these admissions, Plaintiff's argument that there are no genuine issues of material facts lacks merit.

To bring a successful medical malpractice claim, Plaintiff must show:

> (1) a duty owed by the physician to the patient (2) a breach of duty from the physician to the patient (3) that the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient, and (4) damages suffered by the patient that were a direct result of that harm.

Mitzelfelt v. Kamrin, 526 Pa. 54, 584 A.2d 888, 891 (Pa. 1990). Plaintiff must present an expert witness who will testify "to a reasonable degree of medical certainty, that the acts of the physician deviated from accepted medical standards, and that such deviation was the proximate cause of the harm suffered." Hakeem v. Salaam, 260 Fed. App'x 432, 434 (3d Cir. 2008) (nonprecedential) (citation omitted). Plaintiff has not presented expert testimony regarding the standard of care and causation. Therefore, Plaintiff's motion for summary judgment on this claim fails.

Plaintiff also seeks summary judgment on his Eighth Amendment deliberate indifference claim. Plaintiff's motion will be denied, because there are genuine issues of material fact regarding whether Defendant Underwood knew of Plaintiff's need for medical treatment, delayed medical treatment, or prevented Plaintiff from receiving needed or recommended treatment. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (finding deliberate indifference "where a prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical

treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."). As there are disputes about whether Defendant Underwood knew of Plaintiff's need for medical treatment, whether Plaintiff needed medical treatment, and why Defendant Underwood discontinued certain medications, we will deny Plaintiff's motion for summary judgment without prejudice to renewal of the motion upon a more complete record.

*IV.*     *Conclusion*

We will grant Defendant Kcomt's motion for summary judgment on Count II of Plaintiff's complaint. We will also grant his motion to dismiss Counts III and IV of Plaintiff's complaint and his request for a preliminary injunction. Defendant's motion for summary judgment on Counts III and IV of Plaintiff's complaint will be denied. Plaintiff's motion for summary judgment against Defendant Underwood will be denied.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD W. ILLES, SR., M.D.<br>    Plaintiff | :<br>:<br>: |
| vs. | : CIVIL NO. 1:12-CV-0395<br>: |
| DR. BARRY BEAVEN et al.,<br>    Defendants | :<br>:<br>:<br>:<br>: |

*O R D E R*

AND NOW, this 10th day of July, 2012, upon consideration of Defendant's motions for summary judgment and to dismiss (doc. 3), and Plaintiff's motion for summary judgment (doc. 36), it is ordered that:

    1. Defendant's motion for summary judgment on Count II of Plaintiff's Complaint is GRANTED without leave to amend.

    2. Defendant's motion for summary judgment on Counts III and IV of Plaintiff's Complaint is DENIED.

    3. Defendant's motion to dismiss Counts III and IV of Plaintiff's Complaint is GRANTED without prejudice.

    4. Defendant's motion to dismiss Plaintiff's request for a preliminary injunction is GRANTED.

5. Plaintiff's motion for summary judgment (doc. 36) is DENIED.

6. Plaintiff is granted leave to amend Counts III and IV of his complaint within twenty-one (21) days hereof, if he desires to do so.


                                 /s/William W. Caldwell
                                 William W. Caldwell
                                 United States District Judge