UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD W. ILLES, SR., M.D.  :
    Plaintiff    :
    :
    vs.    :  CIVIL NO. 1:12-CV-0395
    :
    :
DR. BARRY BEAVEN et al.,  :
    Defendants    :

*M E M O R A N D U M*

*I.*      *Introduction*

This matter involves the medical treatment Plaintiff, Richard Illes, Sr., M.D., received while temporarily housed at the State Correctional Institution at Camp Hill ("SCI Camp Hill"). Plaintiff sent interrogatories, requests for admissions, and production requests to Defendants McGinnis, Underwood, and Newfield. He asserts that many of Defendants' responses were insufficient and that their objections were unwarranted. Presently before the court is Plaintiff's motion to compel discovery and impose sanctions.

*II.*      *Standard of Review*

Pursuant to Federal Rule of Civil Procedure 37, parties may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(3). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense . . ." FED. R. CIV. P. 26(b)(1).[1]  Matters relating to discovery are generally left to the discretion of the trial court.  See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).

The Third Circuit has found that "before a party may succeed on a motion to compel discovery, that party must first prove that it sought discovery in the manner required by the rules of procedure."  Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 360 (3d Cir. 2003) (citation omitted).  "The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper."  Paluch v. Dawson, No. 06-1751, 2007 U.S. Dist. LEXIS 91191, *4 (M.D. Pa. Dec. 12, 2007).

III.     Discussion

*A. Interrogatories*

Pursuant to Rule 33, interrogatories may be served on a party if they "relate to any matter that may be inquired into under Rule 26(b).  An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact."  FED. R. CIV. P. 33(a)(2).  A party objecting to an interrogatory must do so with specificity.  FED. R. CIV. P. 33(b)(4).

---

[1] Plaintiff's two remaining claims allege medical malpractice and violation of his constitutional right to privacy.

### 1. Defendant McGinnis

Plaintiff objects to Defendant McGinnis' response to Interrogatory 3. There, Plaintiff asked "Why did you not perform a physical examination prior to treating Plaintiff in August, 2010?" McGinnis responded:

> Answering defendant did not perform a physical examination. She reviewed the medical record with respect to medications prescribed to the plaintiff. She made sure that provisions were made for the prisoner to receive his blood pressure medications and to be referred him [sic] to the blood pressure clinic. She also noted that the prisoner came to Camp Hill with Celebrex which she noted the prisoner would continue to use.

Plaintiff argues that this is not responsive to the question. McGinnis argues that the answer is responsive, and the question assumes a need for a physical examination in addition to a review of the medical chart. However, we agree that the answer is not responsive to the interrogatory. The objection will be overruled and we will instruct McGinnis to respond.

Plaintiff seeks a response to Interrogatory 7, which asks "Do you agree that severe degenerative joint disease, sciatica, chronic pain syndrome, radiculopathy, and neuropathy are painful conditions?" Defendant McGinnis argues that the question is unduly vague, and there is no evidence to support the conclusion that Plaintiff suffers from these conditions. We do not find the question vague. To the extent McGinnis is attempting to bring a relevance objection, we will overrule such an objection. Plaintiff brings a medical malpractice claim relating to the discontinuation of his pain medication, which he alleges was prescribed for severe degenerative joint disease, sciatica, chronic

pain syndrome, radiculopathy, and neuropathy. Thus, we find that the question relates to Plaintiff's claim, and Defendant's objections will be overruled.

Interrogatory 9 asks "Do you as a physician's assistant think that you are more knowledgeable about painful medical conditions, and their treatment, than a physician?" McGinnis objects to the question "because it fails to provide adequate facts upon which the answering defendant can formulate an opinion whether or not in this particular case she would be more knowledgeable about the treatment of a patient rather than another healthcare provider." We agree that the question does not provide sufficient context to allow Defendant to respond in a meaningful way. Thus, Defendant's objection will be sustained, and she will not be compelled to respond.

Interrogatory 10 asks "In your opinion, would it be wise to treat a patient's medical condition with medications that have proven to be ineffective, or had dangerous side-effects in that particular patient?" Defendant objects to the question "because it fails to provide adequate facts upon which [she] can formulate an opinion . . . Interrogatory 10 is also objectionable because it is not designed to elicit facts but is merely a rhetorical question." Because we find this interrogatory too general to meet the requirements in Rule 26(b), we will sustain Defendant's objections without prejudice to Plaintiff's stating a more precise interrogatory.

Plaintiff's next question, Interrogatory 11, asks "In your opinion, would abruptly stopping a narcotic pain medication in a patient that had multiple painful medical conditions, when that patient had been on that narcotic for a significant period of time, be

expected to result in increased pain for that patient? If not, please explain." Defendant McGinnis objects to the question "because it is substantially rhetorical in nature. It fails to specifically identify any set of facts upon which the answering defendant can formulate a reasoned response." We find this interrogatory, too, is overly broad, and we will sustain Defendant's objections without prejudice to Plaintiff's presenting a more concise interrogatory.

Interrogatory 18 asks "Did you some how think that stopping Plaintiff's pain medications in August, 2010, would not result in increased pain for the Plaintiff?" Defendant McGinnis objects because the question is vague. She also responds that she did not discontinue Plaintiff's access to Celebrex. Defendant's vagueness objection is overruled. She is instructed to re-respond to the interrogatory.

Interrogatory 20 asks "Do you agree that the Physician's Desk Reference is an authoritative source of information for prescription drugs?" McGinnis objects to this question "because the term 'authoritative' is susceptible to multiple interpretation. [sic] Further the interrogatory does not specify the particular factual circumstances upon which the answering defendant would formulate an opinion about the 'authority' of the book." Because we find that the question is not vague or overly broad, Defendant's objections will be overruled.

Plaintiff's next question, Interrogatory 21, asks "Do you agree with the quote 'Pain is a subjective phenomenone, [sic] and clinicians cannot reliable detect its existence or quantify its severity without asking the patient directly.'? If not, please

explain." McGinnis argues that this is a rhetorical question and argumentative in nature. We will sustain the objection, because we find that the question does not comport with Rule 26(b).

Interrogatory 22 asks "Do health care providers have an ethical obligation to treat their patients with their best interests in mind, in your opinion?" Defendant McGinnis contends that the term "ethical" is susceptible to multiple interpretations. She also objects because the question is rhetorical in nature. Because we find this question falls outside the confines of Rule 26(b), we will sustain Defendant's objection.

Defendant McGinnis objects to Interrogatory 24, which requests that she list all negligence or professional malpractice cases in which she was named as a defendant.[2] McGinnis argues that this interrogatory is overly broad and not reasonably calculated to lead to admissible evidence. Plaintiff contends that the request is not overly broad, and the information is relevant because he "has information that Defendant has expressed opinions in other malpractice [sic] that are contrary to what she is now maintaining and such opinions would be pertinent to Defendant's credibility, and could be used to impeach her credibility." While we agree with Defendant that this type of information may be discoverable, we find the request overly broad and will sustain Defendant's objections without prejudice to Plaintiff's ability to prepare a more precise request.

---

[2] Defendant Newfield was served with the same interrogatory, and made the same objection. Thus, we find that the same analysis applies.

*B. Requests for Documents*

Interrogatory 1 requests McGinnis to provide a copy of the regulations upon which she relied during Plaintiff's treatment.[3] McGinnis objects to this interrogatory and a number of requests for documents that deal with Department of Corrections ("DOC") policies. McGinnis argues that she is not in possession of these policies. We accept Defendant's representation to the court. We also acknowledge that the Defendant must be prepared to supplement her disclosures should she uncover additional responsive materials as the litigation progresses. Since this response is adequate, Plaintiff's motion to compel these documents will be denied.

The remaining requests brought to the court's attention involve Plaintiff's medical records. Defendant McGinnis responds that she is not in possession of Plaintiff's medical records, because they are kept at the prisoner's present location. Defendant believes the records to be in the possession of SCI-Albion, where Plaintiff is currently housed. While Plaintiff is entitled to gain some access to the records, he must comply with DOC policies and procedures to obtain them. See Bull v. United States, 143 F. App'x 468 (3d Cir. 2005); Daniels v. Kelchner, No. 05-1601, 2007 U.S. Dist. LEXIS 51585, 2007 WL 2068631 (M.D. Pa. July 17, 2007). Thus, we will deny Plaintiff's

---

[3] Plaintiff made the same argument with respect to Defendant Newfield's response to Interrogatory 1. Because the arguments are identical, we will apply the same analysis to both Defendants, and Plaintiff's motion to compel a further response from Newfield will be denied.

request to compel discovery on these matters and instruct him to follow DOC procedure to obtain his medical records.

*C. Requests for Admission*

Rule 36 permits parties to serve requests for admissions that relate to "facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." FED. R. CIV. P. 36(a)(1). The requesting party "may not present . . . a broad and non-specific request for admissions of facts." McCarthy v. Darman, No. 07-3968, 2008 U.S. Dist. LEXIS 47549, 2008 WL 2468694, at *2 (E.D. Pa, June 17, 2008). Additionally, a request should "be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." United Coal Companies v. Powell Constr. Co., 839 F.2d 958, 967-68 (3d Cir. 1988) (citation omitted). Parties objecting to requests for admissions must state the grounds for the objection, and they must not object "solely on the ground that the request presents a genuine issue for trial." FED. R. CIV. P. 36(a)(5).

Plaintiff served Defendant Underwood with requests for admissions. Underwood objects to a number of the requests because they are too generalized and not tailored to the facts of this case. They deal with the symptoms and treatment of a number of medical conditions, the medical care that should be provided to inmates, and the ethical responsibilities of medical professionals.[4] We agree that most of the requests

---

[4] Plaintiff brings the following requests for admissions to the court's attention:
    4. Ultram is a narcotic pain medication that has particularly useful efficacy in neuropathic pain.

8

7. The control of chronic pain often requires the use of multiple agents.
8. Severe degenerative joint disease, chronic pain syndrome, sciatica, neuropathy, and radiculopathy are all conditions that are painful.
9. Neuropathic pain often requires the use of multiple medications to control the pain of this condition.
10. It is common knowledge in the medical field that stopping all pain medications in a patient with multiple painful conditions will result in an increase in that patient's pain.
11. Control of a patient's pain is a physicians [sic] responsibility.
12. It is unethical and against a physician's professional code to allow a patient to suffer unnecessarily.
13. Inmates have the same rights to adequate medical care as the general population.
14. A doctor who has been treating a patient's painful medical condition for years is in a much better position to know that patient's medication needs than a doctor who never examined, interviewed, or reviewed the complete medical records of that patient.
15. Using medications that have proven to be either ineffective, or that have serious side-effects, in a particular patient is below the standard of care for a physician.
17. You are not more qualified to treat the Plaintiff's medical conditions than his regularly treating physicians at SCI-Albion.
18. The only reliable way to know if a patient is in pain is to ask them.
19. Withholding pain medications in a patient with a documented history of painful medical conditions is unethical.
23. Treating a patient with medications that have proven to be ineffective in that patient is the same as not treating that patient at all.
25. In August of 2010, you were aware that the U.S. Constitution, as interpreted by the U.S. Supreme Court, requires adequate medical care for inmates.
26. The Physicians' Desk Reference (PDR) is an authoritative source of information regarding the use of prescription medications.
27. Current Medical Diagnosis and Treatment, edited by McPhee and Papadakis, 49th Edition is an authoritative source

for admission are overly broad and fail to conform to Rule 36. Thus, we will sustain Defendant Underwood's objections as to Requests 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 23, 26, 27, 29, and 30. However, we find that Request 28 meets the requirements of Rule 36, and we will overrule Defendant's objections. We find Defendant's response to Request 25 to be sufficient and will not require her to further respond.[5]

### D. Costs and Sanctions

Plaintiff requests that Defendants be required to pay $25.00 for the cost of bringing the present motion. Rule 37(a)(5)(C) provides that a court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C). We will direct Defendants Underwood and McGinnis to show cause why we should not award costs.

---

of medical treatment.
28. You could have ordered other narcotics to control Plaintiff's pain in August of 2010.
29. Non-steroidal anti-inflammatory agents that are not specific COX-2 inhibitors have more gastro-intestinal side-effects than Celebrex that can be life threatening.
30. Non-steroidal anti-inflammatory agents that are not specific COX-2 inhibitors are the same class of drugs as Aspirin and Motrin.

[5] Request 25 states, "In August of 2010, you were aware that the U.S. Constitution, as interpreted by the U.S. Supreme Court, requires adequate medical care for inmates." Defendant objected to the question but also responded, "Further, the answering defendant does not have a specific understand of the nuances to the Supreme Court's interpretation of particular points of Constitutional law."

*IV.      Conclusion*

For the reasons above, Plaintiff's motion to compel will be granted in part and denied in part. Defendant McGinnis will be required to respond to Interrogatories 3, 7, 18, and 20. Defendant Underwood will be required to respond to Request for Admission 28.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD W. ILLES, SR., M.D. :
    Plaintiff :
:
vs. : CIVIL NO. 1:12-CV-0395
:
DR. BARRY BEAVEN et al., :
    Defendants :
:
:

*O R D E R*

AND NOW, this 11th day of February, 2013, upon consideration of Plaintiff's motion to compel discovery (doc. 87), and Defendants' response thereto, and pursuant to the accompanying memorandum, it is ORDERED that:

    1. Plaintiff's motion is GRANTED in part and DENIED in part.

    2. Defendant McGinnis shall respond to Interrogatories 3, 7, 18, and 20 within thirty (30) days of the date of this order.

    3. Defendant Underwood shall respond to Request for Admission 28 within thirty (30) days of the date of this order.

12

4. Within twenty (20) days of the date of this order, Defendants McGinnis and Underwood shall show cause why costs should not be imposed pursuant to Rule 37(a)(5)(C).

                                            <u>/s/William W. Caldwell</u>
                                            William W. Caldwell
                                            United States District Judge