UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD ILLES, SR., M.D., :
    Plaintiff :
     :
    v. : CIVIL NO. 1:12-CV-0395
     :
DR. CHRISTIAN KCOMT, *et al.*, :
    Defendants :

*M E M O R A N D U M*

*I.    Introduction*

We are considering a motion for summary judgment filed by Defendant Kcomt. (Doc. 101). Plaintiff filed this lawsuit on January 9, 2012, alleging that Defendant violated his constitutional right to privacy by conducting psychiatric counseling sessions outside his prison cell door while he was temporarily housed at SCI-Camp Hill. Defendant Kcomt moves for summary judgment pursuant to Rule 56, claiming that he provided care pursuant to a legitimate policy of the prison. Both parties have filed supporting briefs.

*II.    Background*

Plaintiff, Richard Illes, Sr., is an inmate currently housed at SCI-Albion. In August 2010, Plaintiff was temporarily housed at SCI-Camp Hill. (Doc. 57). On August 12, 2010, Defendant Kcomt met with Plaintiff at his cell for the purpose of providing

psychiatric treatment.  (Doc. 57, ¶ 64).  Plaintiff requested to move to a private location to discuss his medical needs, but was refused.  (Doc. 57, ¶ 67).  Inmates in nearby cells overheard confidential information, and Plaintiff claims that he suffered ridicule and embarrassment as a result.  (Doc. 57, ¶ 72).

Plaintiff filed this suit against Defendant Kcomt in January 2012, claiming medical negligence, breach of confidentiality, and deliberate indifference under the Eighth Amendment.  On July 20, 2012, Plaintiff filed an Amended Complaint.  (Doc. 57).  On August 9, 2012, Defendant filed a Motion to Dismiss the Amended Complaint (Doc. 69).  We granted Defendant's motion in part, and dismissed all of Plaintiff's claims with the exception of the constitutional breach of privacy claim.  (Doc. 85).  In our opinion, we explained that the record did not establish whether Defendant Kcomt was following prison policy when he provided care at Defendant's door.  (Doc. 85).  Defendant filed the instant motion for summary judgment on March 6, 2013.  (Doc. 101).  Following grants of additional time, Defendant also filed two supporting affidavits, stating that he was following proper prison procedures when he administered care to the Defendant at his cell door.

### III. Standard of Review

We will examine the motion for summary judgment under the well-established standard.  Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d. Cir. 2008) ("Summary judgment is only appropriate if there are no genuine issues of material fact.").  We "must view all evidence and draw all inferences in the light most favorable to

2

the non-moving party" and we will only grant the motion "if no reasonable juror could find for the non-movant." Id. "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party.'" Roth v. Norfalco, 651 F.3d 367, 373 (3d Cir. 2011) (citing Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011)).

*IV. Discussion*

In the Third Circuit, prisoners have a right to privacy in their medical information. See Doe v. Delie, 257 F.3d 309, 317 (3d Cir. 2001). "Inmates retain those rights that are not inconsistent with their status as prisoners or with the legitimate penological objectives of the corrections system." Id. at 315 (internal citation omitted). However, they do not enjoy this right "to the same extent as a free citizen." Id. at 317. That is, prisoners do not have the right to conceal their medical information from everyone in the prison, and this right "may be curtailed by a policy or regulation that is shown to be 'reasonably related to legitimate penological interests.'" Id. (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).

This privacy right was further narrowed by the Third Circuit's recent decision in Smith v. Hayman. Smith, a prisoner suffering from gender identity disorder, alleged that his constitutional rights were violated when prison doctors held counseling sessions at his cell door, within view and earshot of inmates and prison officials. See Smith v. Hayman, 489 F. App'x 544, 548 (3d Cir. 2012), cert. denied, 133 S. Ct. 762

3

(U.S. 2012). The Third Circuit affirmed summary judgment for the defendants, finding that prison doctors who inadvertently disclosed confidential information in this manner were protected by qualified immunity. See id. at 549. "[T]he qualified immunity doctrine shields public officials from actions for damages unless their conduct was unreasonable in light of clearly established law." Doe, 257 F.3d at 318. The court reasoned that the doctors had not violated a "clearly established constitutional right" because while Doe recognized the right to privacy in medical information, that right was "counterbalanced by legitimate penological interests, such as safety and practicability of accommodation." Smith, 489 F. App'x at 549. "[T]he public nature of [Smith's] discussions with [his doctors] . . . while less than ideal, was the best that could be managed . . . ." Id. The court explained that nothing "suggest[s] that the conduct of the defendants, in light of their attempts to avoid disclosure, violated a clearly established constitutional right, and Doe did not establish any such rule with 'obvious clarity.'" Id. (internal citation omitted). Accordingly, the doctors were protected by the doctrine of qualified immunity.

Defendant Kcomt argues that he is entitled to summary judgment because he provided psychiatric care at Plaintiff's cell door pursuant to a legitimate prison policy. (See Doc. 102 at 5). Defendant supports his argument with his own sworn affidavit (Doc. 101, Exhibit 1) and an affidavit by his supervisor, Dr. Eugene Polmueller. (Doc. 120). Both affidavits state that SCI-Camp Hill had a verbal policy whereby prisoners housed in the Restricted Housing Unit ("RHU") received psychiatric care at their door, due to legitimate security concerns. Plaintiff responded with his own affidavit, in which he states

4

that he was never housed in the RHU, but rather, was in the general prison population, and therefore should have been permitted to leave his cell to receive care. (Doc. 107, Exhibit 1). Neither party has provided verifiable evidence of where Plaintiff was actually housed during his time at SCI-Camp Hill.

Based on the facts developed through summary judgment proceedings, we believe that Defendant Kcomt is entitled to qualified immunity, and that summary judgment should be granted for Defendant on these grounds.[1] While neither party raised the issue of qualified immunity, this court is permitted to grant summary judgment on grounds not raised by the parties so long as they are given an opportunity to respond.[2] See FED. R. CIV. P. 56(f). The Third Circuit has found that while prisoners have a right to privacy in their medical information, that right is not so clearly established as to put prison officials, such as Dr. Kcomt, on notice that their actions may violate the law. See Smith, 489 F. App'x at 549. This is especially true where the plaintiff has failed to demonstrate that the defendant intentionally or maliciously disclosed confidential information to inappropriate parties. Id. at 549. In sum, "[w]hile [Plaintiff] is justified in his displeasure with this arrangement, the record does not demonstrate that the defendant[] violated a clearly established constitutional right."

---

1. Whether Plaintiff was housed in the RHU or the general prison population is immaterial to our analysis on this point.

2. "After giving notice and a reasonable time to respond, the court may: . . . (2) grant the motion on grounds not raised by a party . . . ." FED. R. CIV. P. 56(f).

*IV. Conclusion*

For the foregoing reasons, we find that Defendant is entitled to summary judgment. Pursuant to Rule 56, we will give the parties an opportunity to address the issue of qualified immunity before granting the motion. We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge