UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD ILLES, SR., : | |
| Plaintiff : | |
| : | |
| v. : | CIVIL NO. 1:12-CV-0395 |
| : | |
| DR. CHRISTIAN KCOMT, *et al.*, : | |
| Defendants : | |
| : | |
| : | |
| : | |

*M E M O R A N D U M*

*I.        Introduction*

      *Pro se* Plaintiff Richard Illes was convicted of murdering his wife and is currently serving a sentence of life without parole.  While imprisoned, he has filed multiple lawsuits against prison officials for alleged deprivations of his civil rights.  (See e.g., Illes v. DeParlos *et al.*, No. 09-cv-1166 (M.D. Pa); Illes v. Beard *et al.*, No. 12-cv-964 (M.D. Pa.)).  Plaintiff filed the instant lawsuit on January 9, 2012, in Cumberland County Court.  Defendants removed to this court on March 1, 2012.  (Doc. 1).  Plaintiff initially alleged several claims against five SCI-Camp Hill employees arising from incidents that occurred while he was confined there in August 2010.  (Doc. 1-3).  A single claim against a single defendant remains:  Plaintiff alleges that Dr. Christian Kcomt violated his right to privacy in his confidential medical information.  Presently, we are considering Defendant Kcomt's motion for summary judgment, filed on March 6, 2013 (Doc. 101), and Plaintiff's motion to strike, filed November 6, 2013 (Doc. 127).  On October 10, 2013, pursuant to

Rule 56(f), we ordered that the parties show cause why summary judgment should not be entered in favor of Defendant on qualified immunity grounds.[1]  (Doc. 121).  The parties have briefed the issue, and the matter is now ripe for consideration.

II.         *Background* [2]

From August 5, 2010 through August 31, 2010, Plaintiff Illes was confined at SCI-Camp Hill.  (Doc. 1-3).  During his confinement, Plaintiff sought counseling from Defendant Kcomt, a psychiatrist employed by the prison.  (Doc. 102 at 4; Doc. 107 at 1).  Defendant advised Plaintiff that he could only meet with Plaintiff at his cell door.  (Doc. 101 at 4; Doc. 107 at 1).  Defendant refused to remove Plaintiff to a more private location because of safety concerns for prison staff.  (Doc. 101 at 4; Doc. 107 at 1).  Although Plaintiff objected to this arrangement, he spoke with Defendant Kcomt through the cell

---

1. Rule 56(f) permits this court to grant summary judgment on grounds not raised by a party, provided that the non-moving party is given notice and an opportunity to respond. FED. R. CIV. P. 56(f); see Gibson v. Mayor and Council of City of Wilmington, 355 F.3d 215, 223 (3d Cir. 2004) ("It has long been established that, under the right circumstances, district courts are entitled to enter summary judgment *sua sponte*."); Smith v. Borough of Dunmore, 516 F. App'x 194, 200 (3d Cir. 2013) (affirming *sua sponte* entry of summary judgment where district court identified the issue for the parties and provided an opportunity to respond).

2. We note for the benefit of the parties that motions for summary judgment should be accompanied by "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."  See LR 56.1.  Papers opposing a motion for summary judgment should similarly include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the movant's papers.  Id.  The parties failed to comply with the formal requirements of the Local Rule, but both parties' briefs contain factual assertions supported by citations to the record.  We summarize the relevant undisputed facts herein.

door.  (Doc. 101 at 4; Doc. 107 at 1).  Plaintiff is now suing Defendant for violating his constitutional right to privacy.

*III.        Discussion*

   *A. Standard of Review*

We will examine the motion for summary judgment under the well-established standard.  Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d. Cir. 2008) ("Summary judgment is only appropriate if there are no genuine issues of material fact.").  We "must view all evidence and draw all inferences in the light most favorable to the non-moving party," and we will only grant the motion "if no reasonable juror could find for the non-movant."  Id.  If the moving party demonstrates that no genuine issue of material fact exists, the burden shifts to the nonmoving party to present evidence of a genuine issue for trial.  Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir. 1993).  "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party.'"  Roth v. Norfalco, 651 F.3d 367, 373 (3d Cir. 2011) (citing Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011)).

   *B. Qualified Immunity*

"Under the qualified immunity defense, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known.'" Eddy v. Virgin Islands Water & Power Auth., 256 F.3d 204, 208 (3d Cir. 2001) (quoted case omitted). We must "first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, [we] proceed to determine whether that right was clearly established at the time of the alleged violation." Wilson v. Layne, 526 U.S. 603, 609 (1999). "A right is clearly established if its outlines are sufficiently clear that a reasonable officer would understand that his actions violate the right." Eddy, 256 F.3d at 208 (internal quotation omitted). "The ultimate issue is whether . . . reasonable officials in the defendants' position at the relevant time could have believed, in light of what was in the decided case law, that their conduct would be lawful." Id. at 209 (internal quotation omitted).

Qualified immunity is an affirmative defense that should ordinarily be asserted in a responsive pleading, but "under established circuit law, the failure to do so does not automatically result in a waiver." Eddy, 256 F.3d at 209. In appropriate cases, the district court is entitled to address the defense *sua sponte*. See, e.g., Howell v. Young, 530 F. App'x 98, 100 (3d Cir. 2013) (a district court does not err in raising qualified immunity *sua sponte* where the defect is clear from the face of the complaint); see also Wright v. Atland, No. 4:07-cv-918, 2012 WL 1514865, at *9 n.1 (M.D. Pa. May 1, 2012)(Carlson, M.J.)("In appropriate cases, this Court is entitled to address this qualified immunity defense *sua sponte*, when appropriate."); Ball v. Cooper, No. 1:11-cv-1833, 2012 WL 2389763, at *12 n.5 (M.D. Pa. June 1, 2012)(Carlson, M.J.)(same); Skevofilax v. Quigley, 586 F. Supp. 532, 538 (D.N.J. 1984)(same).

4

Plaintiff alleges that he was deprived of his constitutional right to privacy in confidential medical information. However, because this right was not clearly established at the time of the alleged violation, we find that Defendant is protected by qualified immunity. In Smith v. Hayman, 489 F. App'x 544 (3d Cir. 2012) (non-precedential), prison doctors held confidential counseling sessions with the plaintiff within earshot of other individuals. Smith sued, alleging a violation of his constitutional right to privacy in his medical information. On appeal, the Third Circuit affirmed the district court's holding that prison doctors who inadvertently disclose confidential medical information are entitled to qualified immunity. Smith, 489 F. App'x at 549. The court reasoned that the doctors had not violated a clearly established constitutional right. Id. The court explained that while Doe v. Delie, 257 F.3d 309 (3d Cir. 2001), recognized a prisoner's right to privacy in medical information, that right was not clearly established because it was "counterbalanced by legitimate penological interests, such as safety and practicability of accommodation." Smith, 489 F. App'x at 549. That is, "a prisoner does not enjoy a right of privacy in his medical information to the same extent as a free citizen." Doe, 257 F.3d at 316. Here, Plaintiff claims that his right to privacy was violated when prison doctors insisted that, for security purposes, counseling sessions be conducted at Plaintiff's cell door, rather than in a private room. This incident occurred in 2010, approximately two years after the alleged privacy violation in Smith, and two years before the Circuit issued its opinion in Smith. Considering the factual similarity between the two cases and their close proximity in time, we are persuaded by Smith that a

prisoner's right to privacy in his medical information was not "sufficiently clear" that a reasonable prison doctor would understand that inadvertent disclosure of information would violate the right. Eddy, 256 F.3d at 208.

Plaintiff makes several arguments in opposition. First, Plaintiff argues that Defendant waived the defense of qualified immunity by failing to plead it. As discussed above, failure to plead qualified immunity does not necessarily result in waiver, and courts are permitted to address qualified immunity *sua sponte* when appropriate.

Second, Plaintiff claims that we have "misstated" the facts of Smith, and that the case is not persuasive. We disagree with Plaintiff's assertion that the facts of Smith are "materially different" than those in the case before us. (Doc. 131 at 3). According to the Third Circuit, Smith claimed that prison doctors violated his right to privacy by holding confidential counseling sessions "within view and within potential earshot of other inmates[.]" Smith, 489 F. App'x at 548. Rather than accept the Third Circuit's recitation of the facts, Plaintiff summarizes the district court's opinion, highlighting the negligible factual differences between his own case and Smith. Plaintiff argues that Smith is distinguishable because Smith's counseling sessions occurred at a table outside the prison cells, not at the cell door; the doctor in Smith attempted to keep the counseling sessions private, while Plaintiff claims Defendant did not; and last, Smith did not express privacy concerns at the outset of these counseling sessions, while Plaintiff requested a private site for discussions. (Doc. 131 at 3). These minor factual variations do not impact our qualified immunity analysis. The Smith court found that a

prisoner's right to privacy in medical information was not clearly established because that right was "counterbalanced by legitimate penological interests, such as safety and practicability of accommodation." Smith, 489 F. App'x at 549.  The most compelling aspect of Smith is that, similar to the case before us, an isolated room was available, but Smith was not permitted to use it due to security concerns.  (Doc. 131 at 3).  As the Third Circuit explained, "the gravamen of Smith's complaint is limited to the public nature of his discussions with [his doctors], both of whom appear to concede that the situation, while less than ideal, was *the best that could be managed given the lack of other, more-private, secure environments*." Smith, 489 F. App'x at 549 (emphasis added).  Accordingly, we find that Smith is sufficiently similar to the case before us to provide guidance on the issue of qualified immunity.

Last, Plaintiff argues that a prisoner's right to privacy in his medical information *has* been clearly established, and Defendant should have known that his actions would violate Plaintiff's constitutional rights.  (Doc. 131 at 5).  Specifically, Plaintiff contends that "[s]ince Doe v. Delie . . . was decided in 2001, members of a prison medical staff should know that the unnecessary dissemination of a prisoner's confidential medical information was unconstitutional." (Doc. 131 at 5).  This argument is plainly contrary to the Third Circuit's holding in Smith, which, although non-precedential, is the most persuasive opinion on this issue.  Plaintiff cites no precedential cases that

7

contradict Smith, and admits that "there are no cases directly on point[.]"[3]  (Doc. 131 at 5).  Following Smith's guidance, we find that Defendant is immune from suit.

*V.     Conclusion*

For the foregoing reasons, we find that Defendant is entitled to summary judgment.  Because this ruling was not made in reliance on any of the documents that are the subject of Plaintiff's motion to strike, (Doc. 127), that motion will be denied as moot.  We will issue an appropriate order.

---

3. Plaintiff cites Magistrate Judge Baxter's Report and Recommendation in Van Scott v. Chorish, No. 09-134, 2011 WL 3421551 (W.D. Pa. July 14, 2011), for the proposition that a prisoner's right to privacy in medical information was clearly established in 2008.  In Van Scott, corrections officers deliberately told inmates that Plaintiff was HIV-positive. Van Scott, 2011 WL 3421551 at *1.  Under these facts, the Van Scott court reasoned that "a reasonable prison official would know that the indiscriminate dissemination of private medical information is unconstitutional."  Id. at *6.  However, Van Scott presents a very different factual scenario than the case before us.  The Third Circuit's opinion in Smith is more recent and is more persuasive than Van Scott.